IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**RICHARD S. WINNOP**,                                    Civil Case No. 09-1321-KI

                Plaintiff,

   vs.                                                      OPINION AND ORDER

**DESCHUTES COUNTY, SHERIFF
LES STILES, SHERIFF LARRY
BLANTON**,

              Defendants.


    Richard S. Winnop
    #6936196
    SRCI
    777 Stanton Blvd
    Ontario, OR 97914-8335

        Pro Se Plaintiff


Page 1 - OPINION AND ORDER

Christopher D. Bell
Deschutes County Counsel
1300 NW Wall Street, Suite 200
Bend, Oregon  97701

       Attorney for Defendants

KING, Judge:

Plaintiff Richard S. Winnop brings this civil rights action *pro se* against Deschutes County and Deschutes County Sheriff Larry Blanton.  He voluntarily dismissed his claims against former Deschutes County Sheriff Les Stiles.  Before the court is Defendants' Motion to Dismiss (#18), Defendant Larry Blanton's Motion to Join the Motion to Dismiss (#27), Defendants' Motion to Dismiss Second Amended Complaint (#39), and Plaintiff's Motion to File a Second Amended Complaint (#44).  For the reasons set forth below, I grant Blanton's motion to join the motion to dismiss and I dismiss plaintiff's Amended Complaint against all remaining defendants.  Additionally, I find plaintiff's Second Amended Complaint is futile and I deny his motion to amend his complaint.  I deny as moot defendants motion to dismiss the Second Amended Complaint.

## BACKGROUND

Plaintiff was incarcerated at Deschutes County Adult Jail during the events he alleges in his Amended Complaint.[1]  Plaintiff alleges that the defendants were "negligent" in providing a safe environment, and the "negligence was a matter of deliberate indifference," causing him to fall in the jail's bathroom area.  Am. Compl. at 3.  The danger–a bolt sticking two inches out of

---

[1] Plaintiff also filed a Second Amended Complaint, but did so without permission of the Court.  Accordingly, plaintiff's Amended Complaint is the operative complaint.

the floor–was reported to the "jailers" who allegedly reported it to their supervisors. Additionally, plaintiff alleges that a clogged drain in the bathroom area caused a dangerous puddle to develop, which remained for two weeks or so.  Again, plaintiff alleges the problem was reported to the "jailers" who reported it to their supervisors.  Finally, defendants provided plaintiff with a pair of broken shower shoes that caused him to trip.  Due to all of these factors, plaintiff slipped in the bathroom area of the Deschutes County Adult Jail and allegedly suffered a five-inch laceration to his skull, a cracked vertebrae, two chipped teeth, and bruising on his knee and shoulders.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted).  This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## DISCUSSION

I.    Exhaustion of Administrative Remedies

Defendants initially moved to dismiss plaintiff's Amended Complaint on the ground that he failed to exhaust his administrative remedies.  In response, plaintiff reported that he attempted

to obtain a grievance form on multiple occasions and was never given one.  Defendants have

withdrawn this argument.

II.      Whether Plaintiff's Amended Complaint States a Claim

        Plaintiff's three claims boil down to unsafe conditions in the bathroom area, which

allegedly constitute violations of plaintiff's constitutional rights.

        It is unclear whether plaintiff's injuries occurred while he was a pretrial detainee–thereby

involving protection of the Fourteenth Amendment–or as a prisoner–involving the Eighth

Amendment–but it matters little since courts apply the same standards in reviewing prisoners'

and pretrial detainees' rights.  Byrd v. Maricopa County Sheriff's Dept., 565 F.3d 1205, 1216 (9th

Cir. 2009).

        Accordingly, plaintiff's claim for denial of humane conditions must satisfy both an

objective and subjective inquiry.  Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000).  The

objective element of the Eighth Amendment inquiry seeks to determine whether the deprivation

was sufficiently serious.  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The subjective element

requires a showing that the defendant acted with a sufficiently culpable state of mind.

> [A] prison official cannot be found liable under the Eighth Amendment for
> denying an inmate humane conditions of confinement unless the official knows of
> and disregards an excessive risk to inmate health or safety; the official must both
> be aware of facts from which the inference could be drawn that a substantial risk
> of serious harm exists, and he must also draw the inference.

 Farmer v. Brennan, 511 U.S. 825, 837 (1994).

        With regard to the objective inquiry, the Constitution "does not mandate comfortable

prisons, but neither does it permit inhumane ones[.]"  Id. at 832.  The Eighth Amendment

requires prisons to provide humane conditions of confinement, give food, clothing, shelter and

medical care, and "must take reasonable measures to guarantee the safety of the inmates." Id.

"[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not

unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part

of the penalty that criminal offenders pay for their offenses against society."  Rhodes v.

Chapman, 452 U.S. 337, 347 (1981).

      With respect to the allegedly unsafe conditions here, in LeMaire v. Mass, the Ninth

Circuit commented that "slippery prison floors . . . do not state even an arguable claim for cruel

and unusual punishment."  12 F.3d 1444, 1457 (9th Cir. 1993) (quoting Jackson v. Arizona, 885

F.2d 639, 641 (9th Cir. 1989)).  Similarly, in Osolinski v. Kane, the Ninth Circuit held, under a

qualified immunity analysis, that it was not clearly established a broken oven door that burned an

inmate would constitute an objectively cruel and unusual prison condition.  92 F.3d 934, 938 (9th

Cir. 1996).  District courts in this circuit have also concluded similar conditions to those alleged

by plaintiff do not violate the Eighth Amendment.  See Gilman v. Woodford, No. CIV S-05-0337

FCD GGH P, 2006 WL 1049739 (E.D. Cal. Apr. 20, 2006) (a prison official's failure to repair a

leaky roof, which caused plaintiff to slip and fall in a puddle, did not violate the Eighth

Amendment); Wallace v. Haythorne, No. CIV S-06-1697 MCE GGH P, 2007 WL 3010755 (E.D.

Cal. Oct. 15, 2007) (slip and fall caused by missing floor tile not an excessive risk).

      Cases in other circuits have held similarly.  For example, a greasy staircase which caused

a prisoner to fall did not violate the Eighth Amendment, Tunstall v. Rowe, 478 F. Supp. 87 (N.

D. Ill. 1979), nor did a leaky dishwasher which caused a prisoner to fall in a pool of water.

Snyder v. Blankenship, 473 F. Supp. 1208, 1212 (W. D. Va. 1979).  A prisoner's slip and fall on

a slippery kitchen floor could not support an Eighth Amendment claim.  Robinson v. Cuyler, 511

F. Supp. 161, 163 (E. D. Pa. 1981); see also Miller v. Cox, No. 08-cv-044-bbc, 2008 WL

2539658 (W.D. Wis. June 10, 2008) (slippery shower floors not excessive risk nor is failure to

provide shower shoes); Davis v. Corrections Corp. of America, No. 5:07cv279/RS-EMT, 2008

WL 539057, at *3 (N.D. Fla. Feb. 22, 2008) (listing 23 federal cases finding slip and fall did not

rise to federal cause of action).

A review of these cases leads me to conclude that plaintiff's allegations if true, although

regrettable and unpleasant, simply do not rise to the level of a constitutional violation.

Accordingly, plaintiff's Amended Complaint is dismissed for failure to state a claim upon which

relief could be granted.

III.    Whether Plaintiff's Second Amended Complaint States a Claim

Plaintiff filed a Second Amended Complaint at the same time he filed his response to

defendants' motion to dismiss.  Defendants subsequently filed a motion to dismiss the Second

Amended Complaint, pointing out among other things that plaintiff had failed to seek permission

to file the Second Amended Complaint.  Plaintiff subsequently moved for permission to file the

Second Amended Complaint.

Plaintiff's Second Amended Complaint largely tracks the Amended Complaint, with the

exception of one claim.  Plaintiff alleges that defendants violated his constitutional rights when

they denied him grievance forms.  He alleges jail staff did not provide any forms after he asked

for them repeatedly and the forms were not available in the housing units.

Denial of grievance forms does not rise to the level of a constitutional violation.  Mann v.

Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("no legitimate claim of entitlement to a grievance

procedure").  Furthermore, even if the defendants' alleged failure to provide grievance forms rose

to the level of a constitutional violation, such as affecting plaintiff's right to access courts, plaintiff would have to allege "actual injury" as a result of the defendants' action. <u>Lewis v. Casey</u>, 518 U.S. 343, 352 (1996). Here, plaintiff's complaint was not dismissed for failure to exhaust his administrative remedies, but rather because he failed to state a claim. Since plaintiff has not, and cannot, state an actual injury with respect to the failure to provide grievance forms, plaintiff does not state a cognizable claim. <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004) (futility justifies denying a motion to amend a complaint). Accordingly, I deny plaintiff's motion to amend his complaint.

## CONCLUSION

For the foregoing reasons, I grant defendants' Motion to Dismiss (#18) and defendant Larry Blanton's Motion to Join the Motion to Dismiss (#27). I deny plaintiff's Motion to File a Second Amended Complaint (#44) and deny as moot defendants' Motion to Dismiss Second Amended Complaint (#39). Since I have concluded plaintiff failed to allege a constitutional deprivation, I dismiss the case with prejudice.

IT IS SO ORDERED.

Dated this _____25th_____ day of October, 2010.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge